Steven G. CEA, Plaintiff–Appellant,

v.

Jon L. LOUDERMILK, sued in his individual capacity and John Doe VI, sued in his individual capacity as New York State Trooper, Defendant–Cross Defendant,

Nelson Saldano, sued in his individual capacity as New York State Trooper f/k/a John Doe I; Lance Aguilar, sued in his individual capacity as New York State Trooper f/k/a John Doe II; Frank Stabile, sued in his individual capacity as New York State Trooper f/k/a John Doe III; Trooper Caribella, sued in his individual capacity as New York State Trooper f/k/a John Doe IV and Trooper O'Reilly, sued in his individual capacity as New York State Trooper f/k/a John Doe V, Defendants–Cross Defendants–Appellees,

J. Richard Bockelman, sued in his individual capacity as employee of the Ulster County Correctional Facility f/k/a John Doe VII; Jean Brandt, sued in her individual capacity as employee of the Ulster County Correctional Facility f/k/a John Doe VIII and Louise Contin, sued in her individual capaci-

ty as employee of the Ulster County Correctional Facility f/k/a John Doe IX, Defendants–Cross Claimants–Appellees.

Docket No. 01–7938.

United States Court of Appeals, Second Circuit.

Feb. 27, 2002.

Stephen Bergstein, Michael H. Sussman, on the brief, Law Offices of Michael H. Sussman, Goshen, NY, for Appellant.

Denise A. Hartman, Assistant Solicitor General, Nancy A Spiegel, Assistant Solicitor Genera, for Eliot Spitzer, Attorney General of the State of New York, on the brief, Attorney General's Office of the State of New York, Albany, NY, for Appellees.

Tracy M. Larocque, Pennock & Breedlove, LLP, Clifton Park, NY.

Present LEVAL, CALABRESI, Circuit Judges, and DEARIE, District Judge.*

## SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff appeals from two orders of the United States District Court for the Northern District of New York. In the first, pursuant to Fed.R.Civ.P. 12(b)(6), Judge Kahn granted defendants' motion to dismiss a claim under 42 U.S.C. § 1983 against five New York State Troopers whose names were not added to the complaint until after New York's three year statute of limitations had expired. In the second, Magistrate Judge Homer granted summary judgment to defendants on claims alleging denial of medical treatment in violation of the Eighth Amendment and denial of access to writing utensils, paper, and the law library, a violation of the constitutional right of access to courts.

The district court correctly ruled that New York's three year statute of limitations barred the action against the five officers not initially named. Cea's claim accrued on September 2, 1996, when he was arrested. The First Amended Complaint naming the five officers was not filed until November 1, 1999, two months after the lapse of the limitations period. The court properly held that no concealment or failure to comply with discovery excused the late filing, given that Cea was in possession of the officers' names and could easily have amended the complaint to include them as parties within the limitations period.

As to the grant of summary judgment, we affirm substantially for the reasons given by Magistrate Judge Homer.

---

* Honorable Raymond J. Dearie, of the United States District Court for the Eastern District of New York, sitting by designation.